IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN KERRY JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2644 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner John Kerry Johnson, a state inmate proceeding *pro se* and impliedly *in forma pauperis*, filed this petition under 28 U.S.C. § 2254 challenging his loss of street time following revocation of his parole or mandatory supervision. Federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because petitioner has failed to exhaust his state remedies, this habeas proceeding will be dismissed without prejudice.

## I. BACKGROUND

According to the petition and public records for the Texas Court of Criminal Appeals, petitioner was convicted of robbery under case number 104417 in the 299th District Court of Travis County, Texas, and sentenced to fourteen years incarceration on April 24, 1990. He was released to mandatory supervision or parole two years later, and was returned to prison at some point in 2003 or 2004 following revocation of his mandatory supervision or

parole. Petitioner states that he was denied credit for the eleven years, ten months, and eleven days he spent at liberty prior to the revocation. Petitioner claims a constitutionally-protected interest in his accrued street time, and argues that he is entitled to credit against his sentence for that period of time.

Plaintiff states he exhausted his state court remedies by filing an application for state habeas relief on May 27, 2005. However, records for the Texas Court of Criminal Appeals show that the application was dismissed by that court on November 23, 2005 for petitioner's failure to comply with section 501.0081(b) of the Texas Government Code. No further habeas filings appear of record, and petitioner makes no reference to any state court or tribunal rulings as to the merits of his claims.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2254(c) "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Time credit claims filed after January 1, 2000, are cognizable in Texas on a writ of habeas corpus if the inmate seeking time credit relief first exhausts administrative remedies by complying with Section 501.0081 of the Texas Government Code. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam). Then, and only then, may an applicant proceed to file an application for a writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure. *Id.* at 533.

Because petitioner has not filed a proper state application for writ of habeas corpus regarding the claims asserted in this petition, the Texas Court of Criminal Appeals has not had the opportunity to consider his grounds for relief. This petition must be dismissed to allow petitioner an opportunity to exhaust his state habeas remedies.

### III. CONCLUSION

The petition for habeas relief is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. A certificate of appealability is denied. Any and all pending motions are **DENIED AS MOOT**.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this 24th day of August, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE